**Itsines v. Jarovits**

C.P. of Monroe County, no. 12212 CIVIL 2008.

*George W. Westervelt Jr.*, for plaintiff.
*Robert and Lynn Jarovits*, pro se.

MILLER, *J.*, October 5, 2010—

## I. FINDINGS OF FACT

1.   Plaintiffs, Nicholas and Christina Itsines, are adult individuals residing at 19385 Whitehall Drive, Brookfield, Wisconsin 53045.

2.   Defendants, Robert and Lynn Jarovits, are adult individuals residing at 210 NE 211th Street, Miami, Florida 33179.

3.   On February 14, 1992, plaintiffs leased the premises at HCR 1 Box 25A, Swiftwater, Pennsylvania 18370, to defendants under a residential lease agreement.

4.   The lease provided for a term of one year, at a monthly rent of $1,400.00 payable on the 1st day of every month.

5.   Defendants entered into possession of the leased

premises on March 1, 1992, in accordance with the terms of the lease signed on February 14, 1992.

6. Defendants agreed to rental increases each year through 2008.

7. The rent for the year beginning January 2008 was $1,800 per month.

8. After December 1, 2007, defendants ceased paying the rent due under the lease.

Rent owed for January - September 2008

(Nine months @ $1,800 per month)     $16,200.00

Balance unpaid rent for December 2007     $800.00

Total rent owed to plaintiffs     $17,000.00

9. In September 2008 the defendants vacated the leased premises without notice, and without a forwarding address.

10. Paragraph VIII of the lease states that "If the lessee shall hold over after the expiration of the term hereby created, with the consent of the Lessor, it shall be deemed and taken to be a renewal of this Lease, and of all the terms, conditions, covenants and provisos therein contained, for the term of another 6 months and so on from month to month until either party shall give 45 days previous notice to the other of an intention to determine the tenancy at the end of any month."

11. Paragraph VIII also states that "should lessee quit the lease, lessee will forfeit security deposit."

12. Defendants damaged the leased premises and

292

otherwise breached the lease by failing to surrender the leased premises in substantially the same condition in which it was leased to defendants, specifically:

(a) rubbish left throughout house including clothing, garbage, and damaged materials;

(b) three garages full of debris;

(c) replace and install front entrance slates;

(d) repair and paint molding on front door;

(e) replace and install exterior door to laundry room;

(f) replace and install garage door;

(g) replace screened in patio door;

(h) replace all window screens;

(i) tighten and realign stair case banister;

(j) kitchen/laundry room vinyl floor needs to be removed and replaced;

(k) remove and install island stove;

(l) replace dishwasher, microwave oven, refrigerator, washer, dryer, and disposal;

(m) kitchen pantry cabinets need to be replaced and all other cabinets need to be refinished;

(n) large hole in wall to be repaired;

(o) main bathroom - vanity and tiles need to be repaired;

(p) master bathroom - replace main cabinet and remove and replace tile;

(q) all carpeting on 1st and 2nd floors to be removed and replaced;

(r) repair of sub floor due to water damage around bathtub and toilet;

(s) basement - repair bar, replace gas stove, remove and replace all sheet rock and paneling, and replace carpet due to mold.

13. The fair and reasonable cost of repairing and replacing the broken and missing items is $41,426.27.

14. Plaintiffs were prevented from giving defendants written notice of damages within 30 days after surrender of the leased premises as required by 68 Pa. C.S.A. §250.512, because of defendants' failure to furnish a new address.

15. Page two of the lease agreement specifically states "at the end of the term, tenant must: leave the apartment clean and in good condition, subject to ordinary wear and tear; remove all of the tenant's property and all tenant's installations and decorations; repair all damages to the apartment and building caused by moving; and restore the apartment to its condition at the beginning of the term." The lease further states the "tenant has inspected the apartment and building. Tenant states they are in good order and repair and takes the apartment 'as is'..."

16. Defendants failed to leave the leased premises in the condition that they took the premises.

17. Plaintiffs' costs of filing this action was $70.50.

18. Plaintiffs' costs of service on defendants was $225.

## II. CONCLUSIONS OF LAW

1. Defendants, Robert and Lynn Jarovits, were properly served with the complaint at 210 NE 211th Street, Miami, Florida 33179-1125, by Victor Fernando Racek Carias, a duly-appointed Florida process server.

2. Defendants entered their appearance in the current civil action by filing various motions for judgment on the pleadings and summary judgment.

3. Defendants were properly served by the pothonotary with notice of a pretrial conference that occurred September 23, 2010 at 2:00 p.m. Neither defendant appeared for the pretrial conference.

4. Defendants were properly served by the prothonotary with an order dated September 23, 2010, providing notice that non-jury trial of this case would take place October 5, 2010 in Courtroom No. 4 of the Monroe County Courthouse, Stroudsburg, Pennsylvania, beginning at 9:30 a.m. Neither defendant appeared for the non-jury trial.

5. Plaintiffs and defendants entered into a binding lease agreement by which defendants leased from plaintiffs a house located in Pocono Township, Monroe County, Pennsylvania.

6. Defendants breached the lease agreement by failing to pay rent in the amount specified in the findings of fact.

7. Defendants breached the lease agreement by leaving the premises in a damaged and rubbish strewn condition.

The fair value of removing the rubbish and returning the premises to pre-lease condition is reflected in the findings of fact.

8. The total amount due from defendants to plaintiffs is $58,426.27 plus interest from the date of verdict.

## VERDICT

And now, October 5, 2010, following a non-jury trial, the court finds in favor of plaintiffs, Nicholas and Christina Itsines, and against defendants, Robert and Lynn Jarovits, in the amount of fifty-eight thousand, four hundred twenty-six dollars and twenty-seven cents ($58,426.27), plus interest from the date of this verdict, and plaintiff's costs for filing and service of two hundred ninety-five dollars and fifty cents ($295.50), for a total of fifty-eight thousand, seven hundred twenty-one dollars and seventy-seven cents ($58,721.77).

Plaintiffs may enter judgment on this verdict by praecipe in accordance with Pennsylvania Rules of Civil Procedure 227.4 (2010).